# EXHIBIT A

CASE NO. **1 CI 00 001**

JEFFERSON CIRCUIT COURT
JDIVISION CIRCUIT COURT
JUDGE _____ DIVISION THIRTEEN (13)

STEPHEN LIVELY
11606 Eastport Drive
Louisville, KY 40241

PLAINTIFF

v.                                          COMPLAINT

LIFE INSURANCE COMPANY OF NORTH AMERICA
d/b/a CIGNA GROUP INSURANCE
PO Box 22325
Pittsburgh, PA 15222

DEFENDANT

    Serve:  Secretary of State
           700 Capitol Avenue
           Suite 86
           Frankfort, KY 40601

********

Comes the Plaintiff, Stephen Lively, by and through counsel, and for his cause of action against the Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance, and states as follows:

1.  Plaintiff, Stephen Lively, is and at all times relevant hereto was a citizen of Louisville, Jefferson County, Kentucky.

2.  Defendant, Life Insurance Company of North America d/b/a Cigna Group Insurance ("Cigna"), is and at all times relevant hereto was a foreign corporation conducting business within the bounds of Louisville, Jefferson County, Kentucky and is subject to Kentucky's long arm statue.

3.  Jurisdiction is proper in this court because all relevant transactions occurred in Louisville, Jefferson County, Kentucky and the damages exceed the jurisdictional limit.

## FACTS

4.  Plaintiff was and is a full-time employee of BAE Systems ("Employer") for a sufficient time period to be eligible for insurance benefits under plan #SKD0985161.

ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY: _____ D.C.

1

5. As a full time employee, Plaintiff was eligible for, and was participating in the short term and long term disability plan ("Plan") offered by Employer.

6. At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the plan administrator.

7. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff was temporarily totally disabled.

8. Plaintiff applied for short term disability benefits under the Plan.

9. Plaintiff was denied benefits by Cigna against the recommendations of 2 of Plaintiff's treating doctors based on Cigna's internal documentation and review process.

10. Plaintiff appealed and was denied. Plaintiff has exhausted all administrative remedies.

11. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work. By relying only on its reviewing physicians, Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue.

12. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of performing his duties during the time he claimed short term disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to deny benefits.

13. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it

cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

14. Upon information and belief Cigna did not use a physician to review Plaintiff's file.

15. No physician who has treated Plaintiff has questioned the validity of his total temporary disability.

16. Defendant Cigna's conclusions that Plaintiff is not temporarily totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of STD wage replacement benefits.

## COUNT I
## BREACH OF CONTRACT

18. The allegations contained in numerical paragraphs 1 thru 17 are incorporated by reference in this Count I.

19. Plaintiff was and is entitled to insurance benefits under the terms of the Plan.

20. Defendant, Cigna has failed and refused to authorize payment under the terms of the contract.

## COUNT II
## BREACH OF ERISA STATUTE

21. The allegations contained in numerical paragraphs 1 thru 20 are incorporated by reference in this Count II.

22. Pursuant to the ERISA statute Plaintiff is entitled to short term disability benefits under the Plan.

23. Defendant has wrongfully denied Plaintiff STD benefits and has breached the terms of the Plan.

24. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE, Plaintiff, Stephen Lively, through counsel, respectfully demands as follows:

1. Judgment against Defendant, Cigna for all amounts due and owing to be determined at a jury trial of this matter;

2. His costs herein incurred;

3. Pre-judgment interest and post-judgment interest as permitted by law;

4. A reasonable attorney's fee as permitted by law;

5. Trial by jury for all issues so triable; and,

6. Any other and further relief as it may appear justly entitled.

Respectfully submitted,

Rob Astorino Jr.
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 299-9992

4

Filed                    18-CI-000001                    David L. Nicholson, Jefferson Circuit Clerk

NO. 18-CI-00001                                    JEFFERSON CIRCUIT COURT
                                                        DIVISION THIRTEEN (13
                                                        HON. ANN BAILEY SMITH

STEPHEN LIVELY                                                      PLAINTIFF

v.

LIFE INSURANCE COMPANY OF NORTH
AMERICA                                                            DEFENDANT

## ANSWER

Comes the Defendant Life Insurance Company of North America ("LINA") for

its Answer to the Complaint in the above-captioned action and states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against LINA upon which relief can be

granted, in that in administering and denying Plaintiff's claim for short-term

disability benefits, LINA acted in good faith, reasonably, based on substantial

evidence, not arbitrarily and capriciously, and in accordance with the discretion

granted to it by the Short-Term Disability Plan sponsor/administrator, BAE

Systems, and the terms and provisions of Plan documents and instruments.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against LINA upon which relief can be

granted, in that the Short-Term Disability Plan at issue is self-funded by Plaintiff's

employer, BAE Systems. BAE Systems is therefore the only party that is

contractually obligated to pay benefits due under the terms of the Plan. LINA merely

contracted with BAE Systems to administer claims for benefits made under the Plan.

Accordingly, if it were determined that short-term disability benefits are owed to

ANS : 000001 of 000008

Filed                18-CI-000001                      David L. Nicholson, Jefferson Circuit Clerk

Plaintiff under the terms of the Plan then those benefits would be owed solely by BAE Systems and not LINA .

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's employer BAE Systems is an indispensable party to this action pursuant to CR 19.01 in that the Short-Term Disability Plan at issue is self-funded by BAE Systems, and, consequently, any benefits paid pursuant to the Plan terms are paid exclusively by BAE Systems. Accordingly, if Plaintiff was contractually entitled to short-term disability benefits then BAE Systems, and not LINA, would be the party in breach of contract and the party that would be contractually obligated to pay the benefits. LINA merely contracted with BAE Systems to administer claims for benefits made under BAE System's short-term disability plan. Because of Plaintiff's failure to join BAE Systems in this action complete relief cannot accorded among or between Plaintiff and LINA, and Plaintiff's claims against LINA should therefore be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Plan terms provide that disability benefits are coordinated or integrated with specified "Other Income Benefits" including, but not limited to, any disability benefits payable under the Federal Social Security Act which the employee receives (or is assumed to have received) on his own behalf; any benefits received under any state disability compensation plan such as workers' compensation; certain disability earnings; any pension/retirement benefits and any disability benefits due or owing under any other disability policy.  If Plaintiff is adjudge to be entitled to Short-Term

ANS : 000002 of 000008

2

Filed        18-CI-000001        David L. Nicholson, Jefferson Circuit Clerk

Disability benefits in this action, such benefits must be reduced or offset by any other benefits which are payable or have been paid.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the contractual limitations period prescribed by the terms of the Short-Term Disability Plan.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claim he may have had for short-term disability benefits.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for short-term disability benefits is barred on account of his failure to comply with the Plan terms and his failure to cooperate with the administration of his claim as required by the Plan terms.

### ANSWER TO THE ALLEGATIONS OF THE COMPLAINT

With regard to the specific allegations of the Complaint, LINA states as follows:

1.      LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies them.

2.      In response to the allegations of Paragraph 2 of the Complaint LINA admits it is an insurance company domiciled in Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  LINA further admits that it is a for-profit

ANS : 000003 of 000008

3

Filed          18-CI-000001                    David L. Nicholson, Jefferson Circuit Clerk

corporation and does business in the Commonwealth of Kentucky.  LINA denies the remainder of the allegations in Paragraph 2 of the Complaint.

3.     LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies them.

4.     LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies them.

5.     LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies them.

6.     LINA denies the allegations contained in Paragraph 6 of the Complaint. LINA affirmatively states that BAE Systems is the sponsor and administrator of the Short-Term Disability Plan maintained by BAE Systems, and further states that LINA, and not an entity known as "Cigna," contracted with BAE Systems to act solely as the claim administrator for the Plan.

7.     LINA denies the allegations of Paragraph 7 of the Complaint.

8.     LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies them

ANS : 000004 of 000008

4

9.      LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies them

10.     LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11.      LINA denies the allegations contained in Paragraph 11 of the Complaint. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan.

12.     LINA denies the allegations contained in Paragraph 12 of the Complaint. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan.

13.     LINA denies the allegations contained in Paragraph 13 of the Complaint. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan.

14.     LINA denies the allegations contained in Paragraph 14 of the Complaint, and it further denies any implied allegation that there was a contractual or legal requirement for physician review of Plaintiff's claim for benefits. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan.

15.     LINA presently lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies them.

Filed                    18-CI-000001                    David L. Nicholson, Jefferson Circuit Clerk

16.     LINA denies the allegations contained in Paragraph 16 of the Complaint. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan.

17.     LINA denies the allegations contained in Paragraph 17 of the Complaint, and it further denies any implication that there is a contractual or legal requirement for physician review of all claims. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan. LINA additionally states that under the Plan's terms BAE Systems was at all times solely responsible for payment of short-term disability benefits due under the Plan.

18.     In response to the allegations contained in Paragraph 18 of the Complaint LINA incorporates and restates each of its answers to Paragraphs 1-17 of the Complaint.

19.     LINA denies the allegations contained in Paragraph 19 of the Complaint.

20.     LINA denies the allegations contained in Paragraph 20 of the Complaint. LINA also affirmatively reiterates that LINA, and not an entity known as "Cigna," was the claim administrator for BAE Systems' Short-Term Disability Plan.

21.     In response to the allegations contained in Paragraph 21 of the Complaint LINA incorporates and restates each of its answers to Paragraphs 1-20 of the Complaint.

22.     LINA denies the allegations contained in Paragraph 22 of the Complaint.

Filed                    18-CI-000001          02/26/2018          David L. Nicholson, Jefferson Circuit Clerk

ANS : 000006 of 000008

Filed                    18-CI-000001                    David L. Nicholson, Jefferson Circuit Clerk

23.     LINA denies the allegations contained in Paragraph 23 of the Complaint.

24.      LINA denies the allegations contained in Paragraph 24 of the Complaint.

25.     To the extent that a response is required by LINA to the "Wherefore" allegations of the Complaint, LINA denies them and it denies that Plaintiff is entitled to any of the relief for which he prays in his Complaint.

26.     LINA denies each and every allegation contained in the Complaint to which it has not specifically responded or otherwise pleaded.

Respectfully submitted,

/s/David A. Calhoun
David A. Calhoun
Mitzi D. Wyrick
Wyatt, Tarrant & Combs, LLP
500 W. Jefferson Street, Suite 2800
Louisville, KY  40202
(502) 589-5235
(502) 589-0309
dcalhoun@wyattfirm.com
mitziwyrick@wyattfirm.com
**Counsel for Defendant Life Insurance Company of North America**

ANS : 000007 of 000008

7

Filed                18-CI-000001                          David L. Nicholson, Jefferson Circuit Clerk

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies on this 26 day of February, 2018, the foregoing Answer was filed with the clerk via electronic filing and served upon the following via regular U.S. Mail, postage pre-paid:

Rob Astorino, Jr.
2525 Bardstown Road, Suite 101
Louisville, KY 40205
***Counsel for Plaintiff, Stephen Lively***

/s/David A. Calhoun
David A. Calhoun

61713357.1

8

ANS : 000008 of 000008

*ELECTRONICALLY FILED*

CASE NO. 18-CI-00001                                    JEFFERSON CIRCUIT COURT
                                                                          DIVISION 13
                                                          JUDGE ANN BAILEY SMITH

STEPHEN LIVELY                                                              PLAINTIFF

v.          MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

LIFE INSURANCE COMPANY OF NORTH AMERICA                    DEFENDANT
d/b/a Cigna Group Insurance

*********

Please take notice that the Plaintiff, by counsel, will make the following motion and tender

the attached order in open court on Monday, January 28, 2018 at 3:45 PM or as soon thereafter as

the case is called.

<u>MOTION</u>

The Plaintiff, by counsel, respectfully requests leave of court to file the attached Amended

Complaint.

BAE Systems is a proper party under the terms of the Plan at issue in this action.

WHEREFORE, the Plaintiff respectfully requests that he be given leave to file the attached

amended complaint.

Respectfully submitted,

/s/Rob Astorino Jr.
Rob Astornino Jr. (#95508)
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY  40205
(502) 553-4750
Fax (502) 459-2687
rastorino@steinwhatley.com

<u>CERTIFICATE OF SERVICE</u>

1

AM : 000001 of 000002

Filed          18-CI-000001     01/10/2019          David L. Nicholson, Jefferson Circuit Clerk

I certify that a true and accurate copy of the foregoing was filed via Kentucky's efiling system which will forward copies to all listed attorneys, I further certify that a true and accurate copy of the foregoing was served via email on the 10th of January, 2019 to:

David Calhoun
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, KY 40202
Fax: 502-589-0309
dcalhoun@wyattfirm.com


/s/Rob Astorino Jr.
Rob Astorino Jr.

Filed          18-CI-000001     01/10/2019          David L. Nicholson, Jefferson Circuit Clerk

AM : 000002 of 000002

Filed          18-CI-000001     01/10/2019      David L. Nicholson, Jefferson Circuit Clerk

CASE NO. 18-CI-00001                                    JEFFERSON CIRCUIT COURT
                                                                        DIVISION 13
                                                          JUDGE ANN BAILEY SMITH


STEPHEN LIVELY                                                              PLAINTIFF


v.                                 FIRST AMENDED COMPLAINT


LIFE INSURANCE COMPANY OF NORTH AMERICA                       DEFENDANTS
d/b/a Cigna Group Insurance

AND

BAE SYSTEMS LAND & ARMAMENTS L.P.
2000 North 15th Street, 11th Floor
Arlington, VA 22201

        Serve:  CT Corporation System
                306 W. Main Street
                Suite 512
                Frankfort, KY 40601

                               *********

        Comes the Plaintiff, Stephen Lively, by and through counsel, and for his cause of action

against the Defendants Life Insurance Company of North America d/b/a Cigna Group Insurance

and BAE Systems Land & Armaments L.P. ("BAE") and states as follows:

        1.  Plaintiff, Stephen Lively, is and at all times relevant hereto was a citizen of Louisville,

Jefferson County, Kentucky.

        2.  Defendant, Life Insurance Company of North America d/b/a Cigna Group Insurance

("Cigna"), is and at all times relevant hereto was a foreign corporation conducting business within

the bounds of Louisville, Jefferson County, Kentucky and is subject to Kentucky's long arm statue.

        3.  Defendant, BAE Systems Land & Armaments L.P. ("BAE"), "), is and at all times relevant

hereto was a foreign corporation conducting business within the bounds of Louisville, Jefferson

County, Kentucky and is subject to Kentucky's long arm statue.

Filed          18-CI-000001     01/10/2019      David L. Nicholson, Jefferson Circuit Clerk

EXH : 000001 of 000005

Filed          18-CI-000001     01/10/2019          David L. Nicholson, Jefferson Circuit Clerk

4.  Jurisdiction is proper in this court because all relevant transactions occurred in Louisville, Jefferson County, Kentucky and the damages exceed the jurisdictional limit.

## FACTS

5.  Plaintiff was and is a full-time employee of BAE for a sufficient time period to be eligible for insurance benefits under plan #SHD0985161.

6.  As a full time employee, Plaintiff was eligible for, and was participating in the short term and long term disability plan ("Plan") offered by Employer.

7.  At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the plan administrator.

8.  By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff was temporarily totally disabled.

9.  Plaintiff applied for short term disability benefits under the Plan.

10. Plaintiff was denied benefits by Cigna against the recommendations of 2 of Plaintiff's treating doctors based on Cigna's internal documentation and review process.

11. Plaintiff appealed and was denied.  Plaintiff has exhausted all administrative remedies.

12. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation.  The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work.   By relying only on its reviewing physicians, Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue.

EXH: 000002 of 000005

2

Filed          18-CI-000001    01/10/2019       David L. Nicholson, Jefferson Circuit Clerk

13. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of performing his duties during the time he claimed short term disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to deny benefits.

14. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Upon information and belief Cigna did not use a physician to review Plaintiff's file.

16. No physician who has treated Plaintiff has questioned the validity of his total temporary disability.

17. Defendant Cigna's conclusions that Plaintiff is not temporarily totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

18. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of STD wage replacement benefits.

19. Plaintiff is entitled to short term disability benefits under the Plan.

20. BAE has failed and refused to pay benefits due under the Plan.

## COUNT I
## BREACH OF CONTRACT

21. The allegations contained in numerical paragraphs 1 thru 20 are incorporated by reference in this Count I.

22. Plaintiff was and is entitled to insurance benefits under the terms of the Plan.

3

EXH: 000003 of 000005

Filed 18-CI-000001 01/10/2019 David L. Nicholson, Jefferson Circuit Clerk

23. Defendant, Cigna has failed and refused to authorize payment under the terms of the contract.

24. Defendant, BAE has failed and refused to make the proper payment under the terms of the contract.

## COUNT II
## BREACH OF ERISA STATUTE

25. The allegations contained in numerical paragraphs 1 thru 24 are incorporated by reference in this Count II.

26. Pursuant to the ERISA statute Plaintiff is entitled to short term disability benefits under the Plan.

27. Defendant has wrongfully denied Plaintiff short term disability benefits and has breached the terms of the Plan.

28. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE, Plaintiff, Stephen Lively, through counsel, respectfully demands as follows:

1. Judgment against Defendants; Cigna and BAE for all amounts due and owing to be determined at a jury trial of this matter;

2. His costs herein incurred;

3. Pre-judgment interest and post-judgment interest as permitted by law;

4. A reasonable attorney's fee as permitted by law;

5. Trial by jury for all issues so triable; and,

6. Any other and further relief as it may appear justly entitled.

Respectfully submitted,

EXH : 000004 of 000005

Filed 18-CI-000001 01/10/2019 David L. Nicholson, Jefferson Circuit Clerk

Filed          18-CI-000001   01/10/2019       David L. Nicholson, Jefferson Circuit Clerk

/s/Rob Astorino Jr.
Rob Astorino Jr.
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 553-4750
(502) 459-2687 fax
rastorino@steinwhatley.com

EXH I - 000005 of 000005

Filed          18-CI-000001   01/10/2019       David L. Nicholson, Jefferson Circuit Clerk

CASE NO. 18-CI-00001                                    JEFFERSON CIRCUIT COURT
                                                                      DIVISION 13
                                                             JUDGE ANN BAILEY SMITH

STEPHEN LIVELY                                                              PLAINTIFF

v.                                         ORDER

LIFE INSURANCE COMPANY OF NORTH AMERICA                          DEFENDANT
d/b/a Cigna Group Insurance

                                      *********

    Motion having been made and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff shall have leave to file the attached First Amended

Complaint.

IT IS FURTHER ORDERED that summons shall issue to the parties not previously served in the

present lawsuit.

                               _____

                               JUDGE ANN BAILY SMITH                DATE
                               JEFFERSON CIRCUIT COURT
                               DIVISION THIRTEEN (13)

Distributed to:

Rob Astornino Jr. (#95508)
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY  40205

David Calhoun
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, KY 40202

1

TD : 000001 of 000001

CASE NO. 18-CI-00001                                JEFFERSON CIRCUIT COURT
                                                                    DIVISION 13
                                                          JUDGE ANN BAILEY SMITH

STEPHEN LIVELY                                                        PLAINTIFF

v.                                             ORDER

LIFE INSURANCE COMPANY OF NORTH AMERICA                      DEFENDANT
d/b/a Cigna Group Insurance

*********

Motion having been made and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff shall have leave to file the attached First Amended

Complaint.

IT IS FURTHER ORDERED that summons shall issue to the parties not previously served in the

present lawsuit.



JUDGE ANN BAILY SMITH                    DATE
JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)                          1-28-19

Distributed to:

Rob Astornino Jr. (#95508)
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205

David Calhoun
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, KY 40202

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JAN 3 1 2019
BY
DEPUTY CLERK

TD : 000001 of 000001

1